ORIGINAL                                FILED

Ruben T. Varela
2249 Camino Del Sol
Fullerton, California 92833
Plaintiff in Pro Per

2011 SEP -1 PM 1:48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ruben T. Varela,** | Case No.: SACV11-00890 CJC(MLGx) |
| Plaintiff, | **FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(1)(A)** |
| vs. | |
| **PLAZA ASSOCIATES, LLC,** | |
| Defendants | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, **Ruben T. Varela**, hereby sues Defendant, PLAZA ASSOCIATES, LLC, and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C § 1692 *et seq.*; for damages for

First Amended Complaint - 1

violations of the California Rosenthal Fair Debt Collection Practices Act (Rosenthal FDCPA), California Civil Code § 1788.12 *et seq.*; and for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681b.

## JURISDICTION

2. The Court has jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692k and 15 U.S.C §1681p. The court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

## VENUE

3. Venue is proper pursuant to 28 U.S.C §1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4. Plaintiff, Ruben T. Varela, is a natural person residing at 2249 Camino Del Sol, Fullerton, California, 92833.

5. Defendant, PLAZA ASSOCIATES, LLC ("Plaza Associates"), is a New York Limited Liability Company, not authorized to do business in California, and resides at 370 Seventh Avenue, Suite 1200, New York, NY, 10001.

6. All conditions precedent to the bringing of this action have been performed, waived or excused.

//

//

## STATEMENT OF FACTS

7. The FDCPA was comprehensively written to cover all actions, "directly or indirectly"[1] including "attempts"[2] to collect "alleged"[3] or "asserted"[4] consumer debts.

8. The FDCPA was enacted to apply not just to the collection of a debt, but also to activities that are "in connection with the collection of a debt".[5]

9. The FDCPA is a remedial statute and should be liberally interpreted.[6] When there are uncertainties in the meaning of the statute, it should be construed to give effect to the purposes stated in 15 U.S.C. §1692(a)-(e)[7], collectively entitled CONGRESSIONAL FINDINGS AND DECLARATION OF PURPOSE. Subsection (e) reads in relevant part:

> (e) "It is the purpose of this title **to eliminate abusive debt collection practices** by debt collectors, to insure that those debt collectors who refrain from using the abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action **to protect consumers** against debt collection abuses." (**Emphasis added.**)

---

[1] 15 U.S.C. § 1692a(2), 1692a(6)
[2] 15 U.S.C. §§ 1692a(6), 1692f, 1692j(a)
[3] 15 U.S.C. §§ 1692a(3), 1692a(5), 1692a(6)(F), 1692g
[4] 15 U.S.C. § 1692a(6)
[5] 15 U.S.C. §§ 1692c(a), 1692c(b), 1692e, 1692g
[6] *Brown v. Card Serv. Ctr.*, 464 F.3d 450, (3d Cir., Sept. 29, 2006)
[7] Ibid.

10. Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with Defendant.

**FIRST CAUSE OF ACTION**

11. During the month of February, 2011, Defendant initiated a soft pull of Plaintiff's consumer report from credit reporting agency Trans Union, LLC ("Trans Union"), without a permissible purpose.

**SECOND CAUSE OF ACTION**

12. On or about April 29, 2011, Plaintiff sent Defendant a Notice of Pending Lawsuit ("NPL") via U.S. certified mail, with return receipt.

13. Defendant accepted and signed for the NPL on or about May 3, 2011, according to postal records.

14. In the NPL, Plaintiff alleged Defendant's violations of law, and wrote in pertinent part, "This notice is sent *as a courtesy* prior to filing suit, *to provide an opportunity to amicably cure* **Plaza Associate** violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681b, and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 *et seq.*, and California's Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.12 *et seq.*" (*Emphasis* added.)

15. In the NPL, Plaintiff wrote "*I am willing to settle these matters amicably* without filing suit, so that you may avoid additional costs such as court

filing and legal fees, *and I am giving you five days from receipt of this letter to take the opportunity to do so.*" (*Emphasis* added.)

16. In the NPL, Plaintiff provided his cell phone number and wrote, "*This cell number is not to be called, shared, or used for any purpose other than to address the matters at hand.*" (*Emphasis* added.)

17. On May 4, 2011, Plaintiff received a phone call from a Mr. Brian Johnson of Plaza Associates.

18. Mr. Johnson acknowledged receipt of the NPL.

19. Mr. Johnson asked Plaintiff for permission to record the phone call, and Plaintiff consented to be recorded.

20. Mr. Johnson informed Plaintiff that "this phone call is an attempt to collect a debt, and any information obtained will be used for that purpose."

21. During the phone conversation, Mr. Johnson conveyed information regarding a debt.

22. During the phone conversation, Mr. Johnson demanded to know if Plaintiff intended to pay an alleged debt to "Capital One".

23. During the phone conversation, Plaintiff informed Mr. Johnson that he was not familiar with this alleged, baseless debt to "Capital One".

//

//

24. In the NPL, Plaintiff instructed Defendant that his cell phone was *"not to be called, shared or used for any purpose other than to address the matters at hand."*

25. The *"matters at hand"* were explained to Defendant within the NPL. The *"matters at hand"* were:

 (a) Plaintiff's alleged violations of law by Defendant Tate & Kirlin,

 (b) Plaintiff's willingness *"to settle these matters amicably"*.

26. Thus, in granting Defendant permission to call Plaintiff's cell phone *"to address matters at hand"*, Plaintiff did <u>not</u> grant Defendant permission to call Plaintiff's cell phone *for any other purpose*, including for the purpose to collect, or attempt to collect any debt.

27. Defendant was not compelled to call Plaintiff.

28. Defendant <u>elected</u> to communicate with Plaintiff, and attempt to collect a debt without Plaintiff's prior consent.

29. Defendant <u>elected</u> to engage in unfair and unconscionable means to collect or attempt to collect any debt.

## THIRD CAUSE OF ACTION

30. With Plaintiff's cell phone number in hand, and at its *convenience*, Defendant *knowingly* called Plaintiff's cell phone without Plaintiff's prior consent, and attempted to collect a debt – all at the expense of Plaintiff's *inconvenience*.

31. Defendant communicated with Plaintiff, without Plaintiff's prior consent, in connection with the collection of a debt, at a time or place known or which should be known to be *inconvenient* to Plaintiff.

**FOURTH CAUSE OF ACTION**

32. Defendant failed to send Plaintiff any written debt verification notice within five days after Defendant's initial communication with Plaintiff, on May 4, 2011, in connection with the collection of a debt.

## CLAIM I

**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 *et seq.*, BY DEFENDANT PLAZA ASSOCIATES**

33. Paragraphs 1 through 32 are re-alleged as though fully set forth herein.

34. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

35. Plaza Associates is a "debt collector" within the meaning of FDCPA, 15 U.S.C. §1692a(6).

36. Plaza Associates violated the FDCPA. Defendant's violations include, but are not limited to, the following:

FIRST CAUSE OF ACTION

37. Defendant violated 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt.

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

SECOND CAUSE OF ACTION

38. Paragraphs 33 through 37 are re-alleged as though fully set forth herein.

39. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C §1692f, by the use of unfair or unconscionable means to collect or attempt to collect any debt.

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

THIRD CAUSE OF ACTION

40. Paragraphs 33 through 39 are re-alleged as though fully set forth herein.

41. Plaza Associates violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. §1692c(a)(1), by communicating with a consumer, in connection with the collection of any debt, without the prior consent of the consumer given directly to the debt collector, at a time or place known or which should be known to be inconvenient to the consumer.

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

FOURTH CAUSE OF ACTION

42. Paragraphs 33 through 41 are re-alleged as though fully set forth herein.

43. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. §1692g(a) *et seq.*, by failing to send written debt verification and notice of Plaintiff's debt validation rights within five days after initial communication with consumer in connection with the collection of any debt.

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

## CLAIM II

**VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT ("Rosenthal FDCPA"), Cal. Civil Code §1788 *et seq.*, BY DEFENDANT PLAZA ASSOCIATES**

44. Paragraphs 1 through 43 are re-alleged as though fully set forth herein.

45. Plaintiff is a "debtor" within the meaning of the Rosenthal FDCPA, Cal. Civil Code § 1788.2(h).

46. Plaza Associates is a "debt collector" within the meaning of the Rosenthal FDCPA, Cal. Civil Code §1788.2(c).

47. Plaza Associates willfully and intentionally violated the Rosenthal FDCPA. Defendant's violations include, but are not limited to, the following:

//

//

FIRST CAUSE OF ACTION

48. Defendant violated Cal. Civil Code §1788.17, by violating those provisions of 15 U.S.C. §1692e(2).

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

SECOND CAUSE OF ACTION

49. Paragraphs 44 through 48 are re-alleged as though fully set forth herein.

50. Defendant willfully and intentionally violated the Rosenthal FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated Cal. Civil Code §1788.17, by violating those provisions of 15 U.S.C. §1692f.

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

THIRD CAUSE OF ACTION

51. Paragraphs 44 through 50 are re-alleged as though fully set forth herein.

52. Plaza Associates willfully and intentionally violated the Rosenthal FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated Cal. Civil Code §1788.17, by violating those provisions of 15 U.S.C. §1692c(a)(1).

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

FOURTH CAUSE OF ACTION

53. Paragraphs 44 through 52 are re-alleged as though fully set forth herein.

54. Defendant willfully and intentionally violated the Rosenthal FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated Cal. Civil Code §1788.17, by violating those provisions of 15 U.S.C. §1692g(a) *et seq*.

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

## CLAIM III

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681b, WILLFULL NON-COMPLIANCE BY DEFENDANT PLAZA ASSOCIATES

55. Paragraphs 1 through 54 are re-alleged as though fully set forth herein.

56. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. §1681a(c).

57. Plaza Associates is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. §1681s-2.

58. Plaza Associates willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

FIRST CAUSE OF ACTION

59. Defendant willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

## CLAIM IV

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681b, NEGLIGENT NON-COMPLIANCE BY DEFENDANT PLAZA ASSOCIATES

60. Paragraphs 1 through 59 are re-alleged as though fully set forth herein.

61. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. §1681a(c).

62. Plaza Associates is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. §1681s-2.

63. Plaza Associates negligently violated the FCRA. Defendants' violations include, but are not limited to, the following:

<u>FIRST CAUSE OF ACTION</u>

64. Defendant negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**Wherefore Plaintiff demands judgment in the amount of $1,000.**

65. Plaintiff has attempted in good faith to resolve these issues amicably, but has been refused or misled in these matters, thus leaving the Plaintiff no alternative but to seek relief through this Honorable Court.

# REQUEST FOR RELIEF

66. WHEREFORE, the Defendant has violated the FDCPA, California's Rosenthal FDCPA, and the FCRA, Plaintiff hereby requests:

(a) Judgment for damages against Plaza Associates for statutory damages in the amount of $4,000, attorneys fees and costs, pursuant to 15 U.S.C. §1692k;

(b) Judgment for damages against Plaza Associates for statutory damages in the amount of $4,000, attorneys fees and costs, pursuant to Cal. Civil Code §1788.17, and Cal. Civil Code §1788.30(b);

(c) Judgment for damages against Plaza Associates for statutory damages in the amount of $1,000, and punitive damages, attorneys fees and costs, pursuant to 15 U.S.C. §1681n, and 15 U.S.C. §1681o;

67. Any further relief which the court may deem appropriate.

# DEMAND FOR JURY TRIAL

68. Plaintiff hereby requests a jury trial on all the issues raised in this complaint.

Dated: September 1, 2011



By: <u>Ruben T. Varela</u>
Plaintiff in Pro Per